**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BETTY BLACK,** ***on behalf of herself and all others similarly situated,*** | § | |
| | § | **Civ. A. No. 3:10-cv-1418** |
| ***Plaintiffs,*** | § | **(Kinkeade, J.)** |
| | § | |
| **v.** | § | |
| | § | |
| **SETTLEPOU, P.C.,** | § | |
| | § | |
| ***Defendant.*** | § | |

**JOINT REPORT REGARDING CONTENTS OF THE SCHEDULING ORDER**

TO THE HONORABLE ED KINKEADE:

In accordance with the Court's August 9, 2010 order, counsel conferred by telephone on August 27, 2010. Participating in the call was James D. Sanford for the plaintiff and Emily M. Stout for defendant. The following joint report reflects the contents of those discussions.

**1. The parties' contentions**

**Plaintiff's contentions**: This is a suit for individual and collective relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Generally, Plaintiff Betty Black contends that her former employer, Defendant SettlePou, P.C., failed to—and continues to refuse to—compensate its non-exempt, non-attorney employees for all hours worked in excess of 40 hours in a single workweek, in willful violation of the FLSA's overtime requirements. Black, a paralegal, brings this suit for herself and on behalf of Defendant's similarly situated employees who were, are, and/or will be employees in non-exempt, non-attorney positions from July 13, 2007 to the present. This collective action seeks unpaid overtime compensation stemming from Defendant's willful violation of the FLSA, an equal amount as liquidated damages, Plaintiff's reasonable attorney's fees and court costs, and certain equitable relief.

Further, Black contends that Defendant terminated her employment in retaliation for complaints about Defendant's willful misclassification of non-attorney employees in order to avoid paying overtime compensation. Defendant's retaliation caused Black actual damages from lost wages and benefits, as well as non-pecuniary losses including, among others, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Black also seeks punitive damages due to Defendant's malice and/or reckless indifference to her rights under the FLSA, liquidated damages, and attorney's fees and costs of suit. Further, Black seeks equitable relief necessary to restore her to the position that she would have held absent Defendant's retaliation, including reinstatement (or, if reinstatement is not feasible, front pay).

**Defendant's contentions**: SettlePou, P.C. ("SettlePou") is a private law firm doing business in the State of Texas. Plaintiff was employed at SettlePou as a paralegal from approximately October 18, 2005 through April 27, 2010. Plaintiff and other non-exempt employees ("FLSA Employees") did not regularly work in excess of forty hours per week. Plaintiff and the FLSA Employees were always compensated accordingly pursuant to the Fair Labor Standards Act, as amended ("FLSA").

Plaintiff was not terminated in retaliation for any complaints about the firm's compensation practices or her classification. Rather, SettlePou terminated Plaintiff's employment because Plaintiff continually failed and refused to comply with SettlePou's core values, as required of all its employees.

Plaintiff's lawsuit is not appropriate for collective action under 29 U.S.C. § 216(b). Plaintiff is not similarly-situated to members of the opt-in class under 29 U.S.C. § 216(b). Plaintiff's claims may be barred by the applicable statute of limitations, waiver, estoppel and/or ratification. In the alternative, to the extent SettlePou violated the FLSA, such violations were inadvertent, accidental and/or based upon SettlePou's good faith understanding of the FLSA.

**2. Proposed time limit to file motions for leave to join other parties**

Aside from individuals who may opt in as plaintiffs, the parties propose a deadline of December 3, 2010 to seek leave to join additional parties. Black anticipates filing a motion to facilitate notice under 29 U.S.C. § 216(b) and for conditional class certification. The motion will request that the Court establish a period in which individuals may opt into the case without leave of court.

**3. Proposed time limit to file motions leave amend the pleadings**

The parties propose December 3, 2010 as the deadline for amending their pleadings.

**4. Proposed motions deadline**

Black anticipates filing the motion to facilitate notice under 29 U.S.C. § 216(b) and for conditional class certification by October 15, 2010. The parties propose a July 8, 2011 deadline to file dispositive motions.

**5. Proposed time limit for initial expert designations**

The parties propose January 28, 2011 as the deadline for making initial expert designations.

**6. Proposed time limit for responsive expert designations**

The parties propose March 4, 2011 as the deadline for making responsive expert designations.

**7. Proposed time limit for expert objections**

The parties propose a deadline for expert objections of July 8, 2011.

**8. Proposed discovery plan and schedule**

The parties anticipate completing fact discovery by June 3, 2011 and expert discovery by June 24, 2011. Black's time estimates are contingent on the length of time needed to resolve issues surrounding notice to class members and conditional certification.

**9. Proposed limitations on discovery**

The parties do not at present propose additional limitations on discovery beyond those imposed by the Federal Rules of Civil Procedure. However, depending on the size of a potential conditional class of opt-in plaintiffs, the need may arise for the parties to revisit this issue. In that event, they will confer with an eye toward developing an agreed, case-appropriate discovery plan that can be submitted for court approval.

**10. Proposed trial date and duration**

The parties expect to be prepared to begin trial by November 7, 2011, and estimate that trial will require five trial days (excluding jury selection). Black has requested a jury trial of all causes of actions and defenses in this matter. *See* Pl.'s Orig. Compl. ¶ 34.

**11. Proposed date for further settlement negotiations**

The parties are open to continued settlement discussions but have not settled on a specific date for further discussions.

**12. Statement concerning Federal Rule 26(a)(1) disclosures**

Neither party made an objection to Federal Rule of Civil Procedure 26(a)(1) in the August 27 conference. The parties agreed to exchange initial Rule 26(a)(1) disclosures on September 15, 2010.

**13. Statement concerning trial before the U.S. Magistrate**

The parties respectfully decline to proceed before the Honorable U.S. Magistrate Judge in this case.

**14. Statement concerning alternative dispute resolution**

Counsel discussed a possible mediation in this matter during the Rule 26(f) conference. Defendant believes that mediation will be more productive after Black moves for notice of this collective action (which Defendant will oppose) and, assuming the Court grants Black's notice

request, after other plaintiffs have opted into the case. Black does not take issue with Defendant's position concerning the timing of mediation. Subsequent discussions resulted in an agreement to mediate with Cecilia H. Morgan, Esq., of JAMS, at an appropriate time to be determined by the parties' mutual agreement and in accordance with any scheduling order or other Court order.

**15. Statement of other proposals regarding scheduling and discovery**

Black states that she anticipates moving the Court to issue notice of this collective action and otherwise to adopt appropriate opt-in procedures under 29 U.S.C. § 216(b). If she does so, she anticipates filing the motion on or before October 15, 2010. The number of similarly situated individuals who elect to opt in to the case may impact the parties' estimates of the timing and scope of discovery.

**16. Statement concerning a possible conference with the Court**

The parties do not presently request a conference with the Court.

**17. Statement of other relevant matters**

The parties are not presently aware of matters other than those stated above relevant to the status and disposition of the case.

Dated: September 7, 2010

Respectfully submitted,

CLOUSE DUNN KHOSHBIN LLP
5200 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2142
Tel: (214) 220-3888
Fax: (214) 220-3833

By: */s/ Emily M. Stout*
(by permission)
Keith A. Clouse
State Bar No. 04410300
Emily M. Stout
State Bar No. 24013581

**ATTORNEYS FOR DEFENDANT**

**GILLESPIE, ROZEN & WATSKY, P.C.**
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Tel: (214) 720-2009
Fax: (214) 720-2291

By: */s/ James D. Sanford*
Joseph H. Gillespie
*Attorney in Charge*
Texas Bar No. 24036636
James D. Sanford
Texas Bar No. 24051289

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 7, 2010 he electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals, who have consented in writing to accept this Notice as service of this document by electronic means: Keith A. Clouse, Esq., and Emily M. Stout, Esq., of CLOUSE DUNN KHOSHBIN LLP.

*/s/ James D. Sanford*
One of Plaintiff's Counsel