IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3:10-CV-1418-K |
| SETTLEPOU, P.C., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Betty Black's Motion for Conditional Certification (Doc. No. 10). This case is one brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, for violations of overtime compensation laws. Ms. Black asks this Court to issue an order compelling Defendant SettlePou, P.C. ("SettlePou") to produce the names and contact information for paralegals that were similarly situated to Ms. Black while employed by SettlePou. The Court has considered the motion, response, reply, evidence submitted by the parties, and the applicable law. This Court finds that Ms. Black has presented substantial allegations that other "exempt" employees were similarly situated to her. Therefore, the motion is **GRANTED in part** as to "exempt" paralegals and **DENIED in part** as to the "non-exempt paralegals, and the matter is conditionally certified as a collective action, subject to the provisions of this order.

I.      Background

Plaintiff Betty Black was employed as a paralegal by Defendant SettlePou, P.C. ("SettlePou") from October 2005 until April 27, 2010. SettlePou is a law firm that handles transactional, litigation, and regulatory cases. The firm, based in Dallas, Texas, currently employs thirty-six attorneys and eleven paralegals across six divisions: (1) Commercial Lending; (2) Commercial Litigation; (3) Creditor's Rights; (4) Insurance Defense; (5) Real Estate Transactions; and (6) Business Counseling Services.

As a paralegal in the Commercial Lending division, Ms. Black alleges that her primary responsibilities were speaking with clients, composing documents, and organizing files. She maintains that, as a paralegal, she had no input on management decisions, no supervisory authority over any other employee, and required no special training or certifications for her position.

The FLSA requires employers to pay certain employees 150% of their normal hourly wage for each hour the employee works in excess of forty hours per workweek. "Exempt employees," ones that do not qualify for overtime compensation, are most commonly executive, administrative, or professional employees, though others are listed within the FLSA. SettlePou asserts that it classifies its paralegal employees as "exempt" or "non-exempt," for FLSA purposes, on a case-by-case basis according to their duties. This means that some paralegals employed by SettlePou were classified as "non-exempt" and received overtime compensation while others were classified as "exempt" and

received none.

The entire time Ms. Black was employed by SettlePou, she was classified as "exempt,"paid on a salary basis, and did not receive overtime compensation. She asserts that her duties required her to work more than forty hours per week on a consistent basis, coming in early, working through lunch, and leaving late and that her duties did not qualify her for "exempt" status. Ms. Black also asserts that there were other paralegals employed by SettlePou that were working under the same conditions.

Ms. Black filed suit on July 19, 2010 for violations of FLSA requirements regarding overtime compensation. In this motion, filed November 22, 2010, she seeks conditional certification pursuant to the collective action provisions of the FLSA. 29 U.S.C. § 216(b). SettlePou opposes conditional certification and asserts that: (1) Ms. Black has not provided sufficient evidence to justify conditional certification; (2) she has failed to identify potential class members; and (3) any potential class members identified would not be similarly situated in their job requirements and pay provisions.

## II.     Legal Standard

The FLSA requires covered employers to pay non-exempt employees at least 150% of the employees' normal hourly pay for each hour the employee works in excess of forty hours per workweek. 29 U.S.C. § 207(a) (2010). It also provides a remedy to employees when employers violate the requirements of Section 207(a). 29 U.S.C. § 216(b) (2010). This remedy allows a plaintiff to bring suit on her own behalf or for

herself and on behalf of others "similarly situated." *Id*.; *see also Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1204 (1981). Any employee wishing to join such a lawsuit must file a consent with the court. 29 U.S.C. §216(b) (2010).

### A. What is "similarly situated"?

There are two schools of thought on how to determine if plaintiffs are "similarly situated" within the meaning of Section 216(b). *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–15 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). Both draw their names from federal district court cases: *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987), and *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). The *Lusardi* approach is a two-step process: (1) the "notice stage" consists of examining pleadings and any evidence advanced to determine if an order facilitating notice to potential class members is justified; and, if so, (2) the "de-certification stage," usually following discovery, where the court decides if the class is still comprised of "similarly situated" plaintiffs. *Mooney*, 54 F.3d at 1213–14. Under *Shushan*, the same analysis for class certification under Federal Rule of Civil Procedure 23 is used: numerosity, commonality, typicality, and adequacy of representation. *Id*. at 1214.

Though the Fifth Circuit has not endorsed either analysis, *Mooney*, 54 F.3d at 1216 (declining to choose), it has indicated in the past that FLSA representative actions are fundamentally different than class actions certified under Rule 23, *LaChapelle v.*

*Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (the "opt in" procedure in class-based FLSA suits distinguishes them from the more familiar class actions certified under Rule 23 where class members must "opt out" of the class). The *Lusardi* approach has been used by the majority of federal courts, including the ones in this district. *Clark v. City of Fort Worth*, No. 4:10-CV-519-A, 2011 WL 121896 (N.D. Tex. Jan. 11, 2011); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007) (compiling cases). Therefore, this Court will utilize the two-step *Lusardi* analysis to determine FLSA class certification in this case.

B. **Burden under *Lusardi***

At the "notice stage," the plaintiff bears the burden of showing there are other employees "similarly situated." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2007). This is a fairly lenient standard. *Mooney*, 54 F.3d at 1214. The district court has discretion to facilitate notice to potential plaintiffs by ordering production of names and addresses of current or former employees. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

III. **Analysis**

In determining whether conditional certification is appropriate at the "notice stage," a court should satisfy itself that there are other employees of the defendant who are "similarly situated" with respect to their job requirements and pay provisions. *Allen v. McWane, Inc.*, 2006 WL 3246531 at *2 (E.D. Tex. Nov. 7, 2006) (citing *Dyback v.*

*State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). Notice is appropriate when a court concludes that there is a factual nexus that binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice. *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003); *Allen*, 2006 WL 3246531 at *2. A court may only foreclose the plaintiffs' right to proceed collectively if the action relates to circumstances personal to the plaintiff rather than any generally applicable policy or practice. *Allen*, 2006 WL 3246531 at *2 (citing *Burt v. Manville*, 116 F.R.D. 276, 277 (D. Colo. 1987)).

### A. Ms. Black's allegations

Ms. Black has submitted a declaration that she was classified as an "exempt" employee and alleges that her job duties do not fall within any of the exemptions of the FLSA. Black App. at 4–6. She alleges she did not have managerial duties nor supervisory authority over any other employee. *Id*. at 5. The declaration also states that Ms. Black has personal knowledge that her job responsibilities and pay provisions were similar to other paralegals at SettlePou. *Id*. at 5–6. SettlePou admits there were ten paralegals classified as "exempt" from July 19, 2007 until July 19, 2010 in addition to Ms. Black, which meant they received no overtime compensation. Resp. at 2. The Court finds that these are substantial allegations such that they meet the low threshold for collective treatment at the "notice stage."

### B. SettlePou's arguments

SettlePou argues that Ms. Black has failed to identify potential class members that would likely opt-in to the lawsuit, and cites *Songer*, 569 F. Supp. 2d at 707, in support. Ms. Black asserts that another former employee has opted-in to the lawsuit, SettlePou has acknowledged there are at least ten other paralegals that were classified as she was, and that notice from the Court of both the lawsuit and the non-retaliatory provisions of the FLSA would produce more plaintiffs. The Court interprets these as indications that more plaintiffs will opt-in to the lawsuit once they are apprised of their rights. SettlePou's position appears to be that Ms. Black is required to identify and obtain preliminary support from an unspecified numbers of potential class members in order to provide notice to other potential class members. That would seem to be putting the cart before the horse; there must only be a "reasonable basis" to believe that other aggrieved individuals exist. *Tolentino v. C & J Spec-Rent Serv., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (citation omitted). There is a reasonable basis to suggest a class of "similarly situated" plaintiffs exists.

SettlePou also argues that these other "exempt" paralegals operated in different divisions from Ms. Black and are not similarly situated as to job responsibilities because special experience and training were required in each division. Resp. at 12. However, the firm does not seem to dispute that the duties performed by a paralegal in one division were similar to those performed in another. It appears the paralegals in the

Commercial Lending division were speaking to clients, composing documents, and organizing files just like the paralegals working in Creditor's Rights or Business Counseling Services, albeit concerning different subjects. *See Ryan*, 497 F. Supp. 2d at 825 (positions need not be identical, only similar, for collective treatment).

SettlePou asserts that "exempt" paralegals were compensated individually, based on their responsibilities and performance, meaning they all received different salaries, benefits, and bonuses. This, the firm argues, means that the potential plaintiffs are not similarly situated as to their pay provisions. SettlePou confirms that all of its full-time employees were paid on a salary basis, which would include full-time paralegals. Resp. at 13. Ms. Black does not request conditional certification for employees paid on a salary basis in addition to employees paid on an hourly basis, on commission, or by the number of documents they filed or composed. Again, the standard is not "identical," only similar. *Id*. Any contrary interpretation would severely restrict the availability of a remedy to plaintiffs employed at jobs with lock-step compensation.

Finally, SettlePou argues that there was no generally applicable policy or practice alleged by Ms. Black that caused these alleged FLSA violations. SettlePou avers that the status of each paralegal was determined individually by his or her supervisor. Resp. at 14. Ms. Black's declaration states she had personal knowledge that her duties and compensation were comparable to other paralegals, Black App. at 5–6, and there seems to be no explanation as to why some paralegals were classified "exempt" and others were

not, other than that was the opinion of supervisors and the Director of Human Resources. This suggests to the Court that there may have been coordination on paralegal classifications, especially given the presence of the Director of Human Resources in each case. The less stringent requirements of an FLSA collective action may not require a unified policy, plan, or scheme. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996) (implying that a unified policy is probative evidence that plaintiffs are "similarly situated"). With the low burden at the "notice stage," Ms. Black's evidence is enough to suggest that a policy may have been in place.

C.  **Breadth of the Proposed Class**

Ms. Black requests that notice of this lawsuit be sent to all paralegals employed by SettlePou from July 19, 2007 until July 19, 2010. SettlePou argues that, if this Court grants Ms. Black's motion, only "exempt" paralegals should be contacted because "non-exempt" paralegals received overtime compensation. Ms. Black asserts that "it is probable that SettlePou underreported" the overtime earned by "non-exempt" paralegals. Reply at 9. Ms. Black asks this Court to infer that SettlePou instructed "non-exempt" paralegals to underreport their hours, as it had instructed her.

There is simply not enough to evidence to support Ms. Black's request to include "non-exempt" employees. First, only an unsupported inference that "non-exempt" paralegals were told to underreport hours even suggests an FLSA violation. Second, inclusion of "non-exempt" paralegals would involve a different sets of facts, inquiring

into whether or not paralegals were pressured to underreport overtime hours as opposed to basic misclassification. These types of parallel inquiries would not promote judicial efficiency, a goal of collective treatment. *See Cantu v. Vitol, Inc.*, No. H-09-0576, 2009 WL 5195918 at *4 (S.D. Tex. Dec. 21, 2009) (citing *Barron v. Henry Cnty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003)). This Court agrees with SettlePou that "non-exempt" paralegals are not similarly situated to Ms. Black, and therefore SettlePou shall not be ordered to produce the names and contact information of "non-exempt" paralegals employed from July 19, 2007 until July 19, 2010.

IV.   Conclusion

Ms. Black has presented sufficient evidence that she and the other "exempt" paralegals employed by SettlePou are similarly situated. The Court finds that she has carried her burden of establishing that conditional certification is appropriate under the lenient standard set forth in *Lusardi*. Therefore, Ms. Black's Motion for Conditional Certification is **GRANTED in part** as to the "exempt" paralegals and **DENIED in part** as to the "non-exempt" paralegals. The Court approves Ms. Black's proposed form of notice ("the Notice"), attached to her Original Appendix in Support of Motion for Conditional Certification (Doc. No. 11), subject to redaction of the arbitration language in Paragraph 4(c) as agreed to by the parties. Reply at 9. The Court also approves the proposed consent to join ("the Consent to Join"), also attached to her Original Appendix in Support of Motion for Conditional Certification. It is further **ORDERED** that:

(1) SettlePou produce the names, last known addresses, and last four digits of the individual's social security number of the current and former paralegals who were classified as "exempt" for purposes of the FLSA and who worked at SettlePou's Dallas, Texas office at any point in time from July 19, 2007 to the date of this Order ("Employee Information"). SettlePou shall provide the Employee Information in an electronic form that can be used by Ms. Black in mailing out the Notice. This information must be produced to Ms. Black within fourteen (14) days of the entry of this order. If the information is not stored electronically, SettlePou shall provide it in written form.

(2) If SettlePou fails to provide the Employee Information within fourteen (14) days of the date this order is signed, the statute of limitations is equitably tolled for each day after the fourteenth day that SettlePou fails to provide the Employee Information.

(3) The Court authorizes that the Notice may be immediately issued to those individuals whose names are being provided as required by this order. The Consent to Join shall be enclosed with the Notice to potential plaintiffs, along with a self-addressed, postage paid return envelope. Ms. Black is permitted to send subsequent mailings of the Notice at her expense. The Notice and Consent to Join forms shall be mailed by first class mail or

overnight delivery at Ms. Black's attorneys' cost.

(4) The Potential Plaintiffs shall be provided ninety (90) days after the date the Notice and Consent to Join are mailed to file a Consent to Join form opting-in to this litigation, unless both Ms. Black and SettlePou agree to permit late filings or good cause can be shown as to why the consent was not postmarked prior to the deadline. A Consent to Join that is postmarked on the deadline is considered timely. Ms. Black shall provide the Court and opposing counsel with a notice indicating the date on which the Notice forms were mailed.

(5) Within sixty (60) days after the close of the opt-in period, the parties are directed to confer pursuant to Rule 16(b) to present the Court with a proposed Joint Scheduling Order and Case Management Plan setting forth proposed dates and covering the items set forth in the Court's previous Order Requiring Scheduling Conference. The Case Management Plan should set forth the Parties' agreements concerning how discovery will proceed and how the case will proceed at trial. If the parties cannot agree on elements of the Proposed Scheduling Order or Case Management Plan, they may present their views in the submission for Court determination. The parties must file the Joint Scheduling Report and Case Management Plan within fourteen (14) days of the deadline for the parties to confer.

(6) Ms. Black's counsel is authorized to maintain an internet website for the purpose of informing similarly situated persons of their right to opt into this litigation.

**SO ORDERED**.

Signed February 14th, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE