IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:10-cv-1418 |
| | § | |
| SETTLE & POU, P.C., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION TO STRIKE AND OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Defendant Settle & Pou, P.C., ("SettlePou" or "Defendant") files the following Motion to Strike and Objections to the Summary Judgment Evidence submitted by Plaintiff Betty Black ("Black" or "Plaintiff"), and would show as follows:

1. On or about August 8, 2011, Plaintiff filed Plaintiff's Motion for Partial Summary Judgment, the accompanying Brief in Support of Plaintiff's Motion for Summary Judgment and an Appendix.

2. In support of her Motion for Partial Summary Judgment, Black submitted her Declaration ("Black Declaration"). Attached as Exhibit A to Plaintiff's Appendix in Support of Plaintiff's Motion for Partial Summary Judgment.

3. Fed. R. Evid. 602 and 701 require that lay witness testimony be based on personal knowledge, rather than speculation. *See U.S. v. Franklin*, 415 F.3d 537, 549 (6th Cir.2005).

4. Conclusory allegations are not competent summary judgment evidence, and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325

(5th Cir. 1996). Additionally, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994).

5. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 2, Exhibit A (Plaintiff's MSJ APP. 0002): "I understood she [Glenda Davis] was supervised by the attorneys that she directly reported to within our work group. I also understood that she felt those attorneys, particularly Marsha Dekan, micromanaged her and were very hands on in their supervision of her. Plaintiff fails to establish how she reached these understandings. These statements are unsubstantiated assertions and unsupported speculation and should be stricken.

6. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 3, Exhibit A (Plaintiff's MSJ APP. 0003): "On at least two occasions prior to my termination, I was literally told by Ms. Shed that she did not have to do what I asked her to do because she did not report to me and that she had asked and been told that she does not report to me by SettlePou's human resource director." These statements are hearsay and double hearsay under Fed. R. Evid. 802 and 805.

7. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 6, Exhibit A (Plaintiff's MSJ APP. 0003-0004): "When this happened, my supervisor, Carl Morgan, told me that it was so that the firm could bill clients for my time." These statements are hearsay and double hearsay under Fed. R. Evid. 802 and 805.

8. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 8, Exhibit A (Plaintiff's MSJ APP. 0004): "I was told yes……Ms Williams shrugged her shoulders and nodded yes."When this happened, my supervisor, Carl

Page 2

Morgan, told me that it was so that the firm could bill clients for my time." These statements are hearsay under Fed. R. Evid. 802.

9. Defendant objects to the following statement contained in Betty Black's Declaration, Paragraph 9, Exhibit A (Plaintiff's MSJ APP. 0004-0005): "I was terminated for my repeated complaints." This statement is conclusory, unsubstantiated, and speculative.

10. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 10, Exhibit A (Plaintiff's MSJ APP. 0005): "SettlePou did not, and never has had, any clear mutual understanding with me or any other employee that its employees will be compensated for overtime hours at anything other than 1.5 times their regular rate." This statement is speculative as to any understanding that SettlePou had with any other employees.

11. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 6, Exhibit A (Plaintiff's MSJ APP. 0003-0004): "When this happened, my supervisor, Carl Morgan, told me that it was so that the firm could bill clients for my time." These statements are hearsay and double hearsay under Fed. R. Evid. 802 and 805.

12. Defendant objects to the following statements contained in Betty Black's Declaration, Paragraph 11, Exhibit A (Plaintiff's MSJ APP. 0005): "……that SettlePou would dock my pay for any missed work." This statement is conclusory, unsubstantiated and speculative.

WHEREFORE, Defendant prays that the Court sustain its objections, strike the portions of Exhibit A to Plaintiff's Appendix in Support of Plaintiff's Motion for Partial Summary Judgment set forth above, and for all other relief to which Defendant may be entitled.

DATED this 29th day of August, 2011.

                                    Respectfully submitted,

                                    */s/ Emily M. Stout*

                                    **KEITH A. CLOUSE**
                                    State Bar No. 04410300
                                    **EMILY M. STOUT**
                                    State Bar No. 24013581

                                    **CLOUSE DUNN LLP**
                                    1201 Elm Street, Suite 5200
                                    Dallas, Texas 75270-2142
                                    Telephone: (214) 220-3888
                                    Facsimile:  (214) 220-3833

                                    **COUNSEL FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I certify that this document was served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the 29th day of August, 2011.

Joseph H. Gillespie, Esq.
James D. Sanford, Esq.
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue
Suite 200
Dallas, Texas 75204
*Counsel for Plaintiff Betty Black*

                                    */s/ Emily M. Stout*
                                    EMILY M. STOUT