IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 3:10-cv-1418 |
| | § | |
| SETTLE & POU, P.C., | § | |
| | § | |
| Defendant. | § | |

---

**DEFENDANT'S BRIEF IN SUPPORT OF RESPONSE
IN OPPOSITION TO PLAINTIFF BETTY BLACK'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

---

CLOUSE DUNN LLP

Keith A. Clouse
State Bar No. 04410300
Emily M. Stout
State Bar No. 24013581

1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
214-220-3888
214-220-3833 (Fax)

**ATTORNEYS FOR DEFENDANT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

I. INTRODUCTION .................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. ARGUMENT AND AUTHORITIES ....................................................................3

    A. Plaintiff Cannot Establish That Defendant Violated The FLSA ..........................................................................................3

    B. Plaintiff's Overtime, If Any, Should Be Calculated Using A Half-Time Rate ...........................................................................6

IV. CONCLUSION ......................................................................................................9

CERTIFICATE OF SERVICE ..........................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Blackmon v. Brookshire Grocery Co.*,
  835 F.2d 1135 (5th Cir. 1998) .................................................................. 6, 7
*Cash v. Conn Appliances, Inc.*,
  2 F. Supp. 2d 884 (E.D. Tex. 1997) .............................................................. 9
*Clements v. Serco, Inc.*,
  530 F.2d 1224 (10th Cir. 2008) ..................................................................... 7
*Cox v. Brookshire Grocery Co.*,
  919 F.2d 354 (5th Cir. 1990) ......................................................................... 6
*Desmond v. PNGI Charles Town Gamin, LLC*,
  630 F.3d 351 (4th Cir. 2011) ......................................................................... 7
*Donihoo v. Dallas Airmotive, Inc.*,
  1998 WL 47632 (N.D. Tex. 1998) ................................................................ 7
*Kastor v. Sam's Wholesale Club*,
  131 F. Supp. 2d 862 (N.D. Tex. 2001) .......................................................... 4
*Samson v. Apollo Res., Inc.*,
  242 F.3d 629 (5th Cir. 2001) ......................................................................... 9
*Tolentino v. C&J Spec-Rent Serv. Inc.*,
  2010 WL 2735719 (S.D. Tex. 2010) .......................................................... 6, 7
*Urnikis-Negro v. Am. Family Prop. Servs.*,
  616 F.3d 665 (7th Cir. 2010), cert. denied
  562 U.S. ___ (February 22, 2011, No. 10-745) ............................................ 7

**STATUTES**

29 C.F.R. § 541.100 ............................................................................................ 4
29 U.S.C. § 255(a) ........................................................................................... 2, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 3:10-cv-1418 |
| | § | |
| SETTLE & POU, P.C., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Settle & Pou, P.C. ("SettlePou" or "Defendant") files its response in opposition to Plaintiff Betty Black's ("Black" or "Plaintiff") Motion for Partial Summary Judgment and respectfully shows as follows:

## I. INTRODUCTION

Plaintiff argues that SettlePou misclassified her as an exempt employee. Defendant disputes that Plaintiff was misclassified under the executive exemption. Plaintiff also argues that she is entitled to a time and a half rate rather than half time. As set forth in Defendant's previously filed Motion for Partial Summary Judgment and Brief in Support (Docket Nos. 34 and 35) and Defendant's Motion to Dismiss (Docket No. 32), filed on August 8, 2011), the Court should find in SettlePou's favor on the half-time issue and find that Plaintiff's misclassification claim is moot.

## II. FACTUAL BACKGROUND

Plaintiff was hired by SettlePou on October 19, 2005 as a non-exempt legal secretary to work in the Firm's commercial lending division. (D. App. 17-18, pp. 8:12-16; 9:6-10). Based

1

on her performance, Plaintiff was promoted to a non-exempt paralegal in 2006. (D. App. 44, pp. 40:4-22). At some point <u>after</u> she became a non-exempt paralegal, Plaintiff began supervising employees. (D. App. 44-45, pp. 40:23-41:5). As a result, Plaintiff's exemption status was changed from non-exempt to exempt. (D. App. 44-45, pp. 40:23-41:5). (D. App. 17, pp. 8:21-25). (D. App. 12, pp. 9:13-25; 10:18-23).

When Plaintiff began her employment with SettlePou as a non-exempt legal secretary, she had an understanding that she would be paid on a salary basis. (D. App. 43, pp. 34:2-10). When Plaintiff was promoted to an exempt paralegal, she understood that she would not receive overtime because her status was being changed to exempt. (D. App. 46, pp. 45:5-10). Because Plaintiff was not receiving overtime, she received the same amount of pay based on her annual salary for every week worked regardless of the hours she worked. (D. App. 61-84). SettlePou did not have a system that compiled the number of hours Plaintiff worked as an exempt paralegal. (D. App. 49, pp. 129:7-131:7).

While Plaintiff was classified as exempt, SettlePou believed that she was supervising legal secretaries in her division - Keetra McGee, Glenda Davis and Michelle Shed. On February 10, 2010, Plaintiff sent SettlePou's Director of Human Resources, Kim Williams ("Williams"), an e-mail ("Reclassification Request") requesting to be reclassified from exempt to non-exempt based on her contention that she was no longer supervising Michelle Shed, a legal secretary in Plaintiff's division. (D. App. 1). Plaintiff sent a follow-up request to Williams concerning her reclassification request on March 1, 2010. (D. App. 2). After Williams received Plaintiff's initial Reclassification Request, she brought it up for discussion at the March 4, 2010 personnel committee meeting. (D. App. 32, pp. 49:7-20; 50:12-19).

2

On or about March 4, 2010, the Personnel Committee considered Plaintiff's Reclassification Request and decided to keep her status as exempt because the Firm believed that she was still supervising two secretaries, Michelle Shed and Glenda Davis, and was therefore exempt under the executive exemption. (D. App. 23-24, pp. 20:24-22:12). (D. App. 29-34, pp. 36:9-37:7; 43:23-44:2; 50:7-19; 51:11-19; 51:25-52:27; 56:22-57:10).

### III. ARGUMENT AND AUTHORITIES

**A.    Plaintiff Cannot Establish That Defendant Violated The FLSA**

As briefed in detail in Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, the Court need not make a determination as to whether Plaintiff was misclassified if the Court grants Defendant's Motion for Partial Summary Judgment with respect to Plaintiff's retaliation claim. Using a one and one-half time rate, Plaintiff asserts that she is owed $13,900.82 in unpaid overtime wages, calculated from July 19, 2007 through July 19, 2010. (D. App. 5-10). Plaintiff's overtime, if any should be calculated using a half-time rate. See Section B, *below*. Calculating Plaintiff's overtime by using the proper half-time rate, the Rule 68 Offer of Judgment made by Defendant adequately compensates Plaintiff for any alleged overtime, which in turn, divests the Court of its subject matter jurisdiction.

Furthermore, SettlePou did not misclassify Plaintiff. When Plaintiff began supervising other employees, SettlePou's Personnel Committee carefully reexamined Plaintiff's status under its understanding of 29 C.F.R. § 541.100 *et seq.* to determine whether or not she was exempt from overtime compensation under the executive exemption. The executive exemption provides that:

> • The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $455 per week;

3

- The employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;

- The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and

- The employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

It is undisputed that Plaintiff met the salary basis test. (D. App. 61-84). With respect to Black's management of the enterprise, she testified that she regularly drafted commercial lending documents that were necessary for each client loan under the direction of an attorney. (D. App. 43-44, pp. 36:2-37:16). In *Kastor v. Sam's Wholesale Club*, 131 F.Supp.2d 862 (N.D. Tex. 2001), the court noted that an employee need not have final say over managerial decisions in order to qualify for the executive exemption. Although Black may not have had final say in the editing of these documents, these documents were critical to the operations of the commercial lending division. Black also assigned work and conducted training in the commercial lending division. (D. App. 55-56, pp. 35-36).

Additionally, Black had input into the hiring and firing of other employees in her division. It is undisputed that she requested the termination of Michelle Shed. (D. App. 3-4). Factors to be considered in determining whether an employee's recommendations as to hiring, firing, advancement, promotion or any other change of status are given "particular weight" include, but are not limited to, whether it is part of the employee's job duties to make such recommendations, and the frequency with which such recommendations are made, requested, and relied upon. 29 C.F.R. §541.105. Generally, the recommendations of an exempt executive employee must pertain to employees whom the executive customarily and regularly directs. *Id.*

4

An employee's recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status. *Id.* Plaintiff certainly made recommendations concerning Michelle Shed's performance and her recommendations as to the continuation of Shed's employment with SettlePou, although Plaintiff's recommendations were not followed.

Because Plaintiff met the salary basis requirements, she directed and managed the work of the legal secretaries, supervised the two legal secretaries in her division, SettlePou's Personnel Committee found that it was appropriate to classify Plaintiff as exempt. (D. App. 24, pp. 21:19-22:12). Furthermore, SettlePou's Personnel Committee, without prompting from exempt paralegals, periodically evaluates the exemption status of its paralegals. (D. App. 38, pp. 146:25-147:3). The Personnel Committee has reclassified paralegals, changing their status from exempt to non-exempt when these paralegals cease supervising other employees. (D. App. 38, pp. 147:8-148:12). SettlePou did not misclassify Plaintiff; rather, they based Plaintiff's classification on her job duties within the commercial lending division.

Although Plaintiff now claims she was not supervising anyone, Plaintiff has admitted that she attempted to supervise Shed and Keetra McGee ("McGee") during her employment at SettlePou. (D. App. 45, pp. 41:13-42:7; D. App. 47-48, pp. 68:6-69:6; D. App. 50, pp. 163:18-25). Plaintiff's admitted attempts to supervise Shed and McGee confirms SettlePou's testimony that she was supervising two or more employees. Additionally, Glenda Davis testified that she was a legal secretary who worked in Plaintiff's group at SettlePou. (D. App. 53, pp. 6:4-17). Davis testified that Plaintiff would give her files to open and would give her some instructions. (D. App. 54-56, pp. 15:10-18; 35:21-36:1). Plaintiff's actions prove that she understood her job

requirements of supervising other employees. Plaintiff's lack of ability to provide such supervision did not invalidate her job responsibilities.

### B. Plaintiff's Overtime, If Any Should Be Calculated Using A Half-Time Rate

Defendant filed its own Motion for Partial Summary Judgment on August 8, 2011 regarding in part the half time rate versus time and a half rate for overtime in a misclassification case Defendant reurges the following argument in response to Plaintiff's Motion for Partial Summary Judgment on this issue. If Plaintiff is correct in her assertion that she was misclassified and owed overtime, which is contested by SettlePou, Plaintiff's underlying methodology in calculating any such overtime is incorrect as a matter of law. Plaintiff bases her calculations on a one and one-half time rate rather than a half-time rate. Using the one and one-half time rate, Plaintiff asserts that she is owed $13,900.82 in unpaid overtime wages, calculated from July 19, 2007 through July 19, 2010. (D. App. 5-10). Additionally, as set forth in Defendant's Motion for Partial Summary Judgment, filed on August 8, 2011, (Docket Nos. 34 and 35) Plaintiff cannot establish a willful violation of the FLSA by SettlePou, and her calculation should be limited to a two-year time period from July 19, 2008 through July 19, 2010.

It is undisputed that Plaintiff was paid on a fixed salary. Her overtime, if any, should therefore be calculated using the fluctuating work week method. Using this method, Plaintiff's regular rate is computed by dividing her actual hours worked each week into her fixed salary. *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1998). Her overtime is then determined by multiplying all hours over 40 in the work week by one-half of Plaintiff's regular rate for that work week. *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1998); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356-57 (5th Cir. 1990); *Tolentino*

6

*v. C&J Spec-Rent Serv. Inc.*, 2010 WL 2735719 (S.D. Tex. 2010). The Fifth Circuit has determined that when an employee is improperly classified as exempt, a formula based on the fluctuating work week standard should be applied. *Id.*; *Donihoo v. Dallas Airmotive, Inc.*, 1998 WL 47632 (N.D. Tex. 1998).

Furthermore, Plaintiff understood that she earned the same salary each pay period regardless of the number of hours she worked as an exempt paralegal and that these hours were not traded. In the event Plaintiff is found to be misclassified, she is only entitled to a half-time payment for her overtime hours, if any, because she has already been compensated at the regular rate for all of her hours worked.

In a misclassification case, "so long as the employer and employee had a mutual understanding that the fixed weekly salary was compensation for all hours worked each workweek and the salary provided compensation at a rate not less than the minimum wage for every hour worked," a fifty percent overtime premium is appropriate in calculating any unpaid overtime compensation. *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010), cert. denied 562 U.S. ____ (February 22, 2011, No. 10-745); *Desmond v. PNGI Charles Town Gamin, LLC*, 630 F.3d 351 (4th Cir. 2011); *Clements v. Serco, Inc.*, 530 F.2d 1224 (10th Cir. 2008); *Valerio v. Putnam Assocs., Inc.*, 173 F3d 25 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988). Significantly, in February 2011, the United States Supreme Court denied certiorari in *Urnikis-Negro v. American Family Prop. Servs.*, thereby giving its tacit approval of the use of half-time rate in misclassification cases. 562 U.S.____ (February 22, 2011, No. 10-745).

Furthermore, the Department of Labor has also approved using a fifty percent multiplier to calculate unpaid overtime compensation in a mistaken exemption classification case See

7

"Retroactive Payment of Overtime and the Fluctuating Workweek Method of Payment, Wage and Hour Opinion Letter," FLSA 2009-3 (D. App. 97-99). According to this Opinion Letter, the "clear and mutual understanding" fluctuating work week criterion does *not* need to be set forth in writing and intent can be inferred from the parties' conduct that the fixed salary was compensation for all hours actually worked by the employee in a given week, rather than for a fixed number of hours per week an agreement between the employee and employer concerning the use of a one-half time rate for overtime compensation owed based on a fluctuating work week calculation method is not required. When an employer (or court) determines that a salaried exempt employee has been misclassified, by definition there is no prior agreement as to how overtime will be paid because an exempt employee usually receives only a fixed salary, and no overtime pay was ever contemplated by the parties. At the same time, in this situation, as in the present case, the parties did agree that the employer would pay a fixed salary no matter how many, or few, hours the employee actually worked in a workweek.

Black understood that her hours varied yet her pay remained the same when she was an exempt legal assistant. She was instructed by Kim Williams to put down a generic arrival and departure time, in order for Settle Pou to determine whether an employee was at work on any given day. (D. App. 35-36, pp. 72:24-73:3). SettlePou did not track the number of hours Black worked as an exempt employee. (D. App. 37, pp. 109:21-110:8). Black was unquestionably aware that she was paid the same amount of salary every pay period, which did not change except for her year end bonuses and annual raises. (D. App. 59-84).

Furthermore, Plaintiff's argument that Plaintiff would have been docked pay if she exhausted her sick leave has no merit. Plaintiff had four sick days, two weeks of vacation time, and two days of personal leave throughout her employment with SettlePou. (D. App. 39, pp.

154:3-155:8). As a non-exempt employee, if Plaintiff had exhausted her leave and missed work, her pay would have been docked. (D. App. 39, pp. 155:9-14). Exempt employees who exhaust their leave take an unpaid leave of absence for full days of work missed, although this has not occurred. (D. App. 39, pp. 155:15-156:1).

Plaintiff submits no evidence that she or any other exempt paralegal was ever docked a partial day's pay for sick, personal or vacation time. Contrary to Plaintiff's assertions, an employer may make salary deductions (without jeopardizing the employee's exempt status) for one or more full days of pay under the fluctuating work week method. In *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 906 (E.D. Tex. 1997), the court found that under the fluctuating work week regulations, an employer could dock pay when an employee failed to show up for scheduled work. Additionally in *Samson v. Apollo Res., Inc.*, 242 F.3d 629 (5th Cir. 2001), the Fifth Circuit held that the defendant's "deductions for tardiness" for willful absences did not defeat use of fluctuating workweek method. Under Plaintiff's view, an exempt employee could exhaust her leave time, fail to show up for scheduled work, and experience no impact to her pay. This is not the law. The Court should order that Plaintiff's overtime, if any, be calculated using a half-time rate.

## IV. CONCLUSION

For the foregoing reasons, SettlePou respectfully ask the Court to deny Plaintiff's Motion for Partial Summary Judgment and order the following relief:

(A) find that SettlePou properly classified Plaintiff as exempt, or in the alternative, find that Plaintiff's misclassification claim is moot;

(B) find that Plaintiff's overtime compensation, if any, be calculated at a rate of half-time rather than time and one-half; and

9

(C)    grant SettlePou such other and further relief to which it is entitled.


DATED this 29th day of August, 2011.

> Respectfully submitted,
>
> /s/ Emily M. Stout
> **KEITH A. CLOUSE**
> State Bar No. 04410300
> **EMILY M. STOUT**
> State Bar No. 24013581
>
> **CLOUSE DUNN LLP**
> 1201 Elm Street, Suite 5200
> Dallas, Texas 75270-2142
> Telephone: (214) 220-3888
> Facsimile: (214) 220-3833
>
> **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that this document was served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the 29th day of August, 2011.

Joseph H. Gillespie, Esq.
James D. Sanford, Esq.
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
**Counsel for Plaintiff Betty Black**

> /s/ Emily M. Stout
> EMILY M. STOUT

10

**Cases**

*Blackmon v. Brookshire Grocery Co.*,
835 F.2d 1135 (5th Cir. 1998) ............................................................................. 6, 7

*Cash v. Conn Appliances, Inc.*,
2 F. Supp. 2d 884 (E.D. Tex. 1997) ............................................................................ 8

*Clements v. Serco, Inc.*,
530 F.2d 1224 (10th Cir. 2008) .................................................................................. 7

*Cox v. Brookshire Grocery Co.*,
919 F.2d 354 (5th Cir. 1990) ...................................................................................... 6

*Desmond v. PNGI Charles Town Gamin, LLC*,
630 F.3d 351 (4th Cir. 2011) ...................................................................................... 7

*Donihoo v. Dallas Airmotive, Inc.*,
1998 WL 47632 (N.D. Tex. 1998) ............................................................................. 6

*Kastor v. Sam's Wholesale Club*,
131 F.Supp.2d 862 (N.D. Tex. 2001) ........................................................................ 3

*Samson v. Apollo Res., Inc.*,
242 F.3d 629 (5th Cir. 2001) ...................................................................................... 9

*Tolentino v. C&J Spec-Rent Serv. Inc.*,
2010 WL 2735719 (S.D. Tex. 2010) .......................................................................... 6

*Urnikis-Negro v. Am. Family Prop. Servs.*,
616 F.3d 665 (7th Cir. 2010), cert. denied 562 U.S. ___ (February 22, 2011, No. 10-745) .... 7

**Statutes**

29 C.F.R. § 541.100 ........................................................................................................ 4

29 U.S.C. § 255(a) ..................................................................................................... 2, 3