IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, on behalf of herself and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1418-K |
| SETTLEPOU, P.C., | § § § | |
| Defendants. | § | |

## ORDER

Before the Court are four motions: 1) Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(B)(1) and Brief in Support (Doc. No. 32), (2) Defendant's Motion for Partial Summary Judgment (Doc. No. 29), (3) Plaintiff's Motion for Partial Summary Judgment (Doc. No. 34), and (4) Defendant's Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence (Doc. No. 41). After considering the motions, responses, replies, and supporting evidence, the Court **DENIES** the motions. Furthermore, this case is **REFERRED** to United States Magistrate Judge Paul D. Stickney for mediation.

Defendant's Motion to Dismiss Plaintiff's Complaint is based on Defendant's Rule 68 offer of judgment to Plaintiffs. Defendant asserts that Defendant's offer of judgment affords full relief to Plaintiff Betty Black and, consequently, her claims are moot and this Court lacks subject matter jurisdiction. Because fact issues remain in several areas, including the proper calculation method for overtime damages, Defendant's argument

y

that its Rule 68 offer of judgment affords full relief fails.  Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(B)(1) and Brief in Support is **DENIED**.

Defendant's Motion for Partial Summary Judgment asserts that due to the statute of limitations, Plaintiff cannot prevail on her claim for compensation prior to July 19, 2008.  Additionally, Defendant argues that, as a matter of law, the proper method of calculation for any overtime damages should be calculated at a half-time rate.  Because fact issues remain regarding the application of the statute of limitations to Betty Black's claims and the proper method of calculating any overtime damages, Defendant's Motion for Partial Summary Judgment is **DENIED**.

Plaintiff's Motion for Partial Summary Judgment asserts that as a matter of law, Defendant misclassified Betty Black as exempt under the FLSA and improperly denied overtime.  Moreover, Plaintiff asserts that the proper method to calculate Betty Black's owed overtime is by multiplying her hours over forty in a workweek by one and one-half her regular rate.  Because fact issues remain regarding Betty Black's classification pursuant to the FLSA and the appropriate method for calculating overtime damages, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

Regarding Defendant's Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence, Defendant's Motion is **DENIED**.  Any objections to the testimony of Betty Black may be asserted at trial.

This case is hereby **REFERRED** to United States Magistrate Judge Paul D. Stickney for mediation. This mediation shall occur within ten days of the signing of this Order or on a date set by Judge Stickney. Any questions regarding the conference shall be directed to Judge Stickney's chambers at (214) 753-2168.

**SO ORDERED.**

Signed October 3rd, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE