IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 3:10-cv-1418 |
| | § | |
| SETTLE & POU, P.C., | § | |
| | § | |
| Defendant. | § | |

---

**DEFENDANT'S RESPONSE IN OPPOSITION**

**TO PLAINTIFF'S MOTION TO ALTER OR**

**AMEND JUDGMENT AND BRIEF IN SUPPORT**

---

**CLOUSE DUNN LLP**

Keith A. Clouse
State Bar No. 04410300
Emily M. Stout
State Bar No. 24013581

1201 Elm Street, Suite 5200
Dallas, Texas  75270-2142
214-220-3888
214-220-3833 (Fax)

**ATTORNEYS FOR DEFENDANT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

I.      RESPONSE.................................................................................................................1

II.     BRIEF IN SUPPORT .................................................................................................1

        A.      INTRODUCTION ..............................................................................................1

        B.      ARGUMENT AND AUTHORITIES ...................................................................2

                1.      Fluctuating Workweek Method ..................................................4

                2.      *Overnight Motor* Method of Calculating Back
                        Overtime Pay in Misclassification Cases....................................8

III.    CONCLUSION...........................................................................................................12

CERTIFICATE OF SERVICE ................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Blackmon v. Brookshire Grocery Co.*,
  835 F.2d 1135 (5th Cir. 1988) ...................................................................... 3, 4, 6, 12

*Clements v. Serco, Inc.*,
  530 F.2d 1224 (10th Cir. 2008) ............................................................................ 5, 6

*Condo v. Sysco, Corp.*,
  1 F.3d 599 (7th Cir. 1993) ...................................................................................... 12

*Cox v. Brookshire Grocery Co.*,
  919 F.2d 354 (5th Cir. 1990) .................................................................................... 3

*Desmond v. PNGI Charles Town Gaming, LLC*,
  630 F.3d 351 (4th Cir. 2011) ............................................................................... 3, 11

*Mayhew v. Wells*,
  125 F.3d 216 (4th Cir. 1997) .................................................................................... 6

*Overnight Motor Transportation Co. v. Missel*,
  316 U.S. 572 (1942)............................................................................... 3, 10, 11, 12

*Perez, et al. v. Radioshack Corporation*,
  2005 U.S. Dist. LEXIS 33420 .................................................................................. 4

*Tolentino v. C&J Spec-Rent Serv. Inc.*,
  2010 WL 2735719 (S.D. Tex. 2010) ........................................................................ 3

*Torres v. Bacardi Global Brands Promotions, Inc.*,
  2010 WL 2735719 (S.D. Tex. 2010) ...................................................................... 11

*Tumulty v. FedEx Ground Package Sys., et al.*,
  No. 04-cv-1425, 2005 U.S. Dist. LEXIS 25997 (W.D. Wash., Aug. 16, 2005)......................... 4

*Urnikis-Negro v. Am. Family Prop. Servs.*,
  616 F.3d 665 (7th Cir. 2010), cert. denied 562 U.S. ____
  (February 22, 2011, No. 10-745) ................................................. 3, 8, 9, 10, 11, 12

*Valerio v. Putnam Assocs., Inc.*,
  173 F3d 25 (1st Cir. 1999).................................................................................... 4, 5

*Walling v. Youngerman-Reynolds Hardwood Co.*,
  325 U.S. 419 (1945).............................................................................................. 10


## STATUTES

29 U.S.C. § 201........................................................................................................ 1, 2

29 C.F.R. § 778.114 ........................................................................................ 3, 4, 5, 6, 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 3:10-cv-1418 |
| | § | |
| SETTLE & POU, P.C., | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
### MOTION TO ALTER OR AMEND JUDGMENT AND BRIEF IN SUPPORT

Defendant Settle & Pou, P.C. d/b/a/ SettlePou ("SettlePou" or "Defendant") files this

Response in Opposition to Plaintiff Betty Black's ("Black" or "Plaintiff") Motion to Alter or

Amend Judgment and Brief in Support.

**I.      RESPONSE**

Defendant opposes Plaintiff's Motion to Alter or Amend Judgment filed on January 23,

2012 (Docs. 110 and 114).  The Court properly calculated the Judgment awarded to Plaintiff at a

half-time rate rather than at a time and a half rate.  The Judgment against Plaintiff should remain

as entered by the Court on January 20, 2012 (Doc. 109).

**II.     BRIEF IN SUPPORT**

**A.      INTRODUCTION**

On July 19, 2010, Plaintiff Betty Black filed Plaintiff's Original Complaint and Jury

Demand under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1).

Plaintiff's lawsuit alleged that she was improperly misclassified as an exempt legal assistant and

was not paid for overtime hours.  *Id.*  Plaintiff, individually, sought recovery of overtime wages

for all hours worked over forty (40) in a work week during the period of July 19, 2007 until April 13, 2010. *Id.*

Plaintiff Black was employed at SettlePou as an exempt paralegal during the relevant time frame of the lawsuit, July 19, 2007 through April 13, 2010, and paid a fixed salary throughout that time. (P. Ex. 65, D. App. 29-31). On October 26, 2011, Defendant stipulated that Plaintiff was misclassified as an exempt paralegal. (P. Ex. 65).

On November 10, 2011, after consideration of evidence and testimony presented in a four- day trial, the jury determined that Black was owed 274 unpaid overtime hours. (Doc. 107). During the trial, the parties stipulated that Black's regular rate of pay was $28.89. (D. App. 65:8-17). On January 20, 2012, the Court entered a judgment ordering that the overtime pay due to Black totaled $7,915.86, taking into account liquidated damages, the jury's findings on the number of overtime hours owed, and calculating Black's overtime at a half-time rate rather than at a time and a half rate. (Doc. 109).

### B.    ARGUMENT AND AUTHORITIES

In her Motion to Alter or Amend the Judgment, Plaintiff asserts that the Court's use of a half-time rate is incorrect and requests that the Court amend its Judgment to reflect Plaintiff's damages as calculated based on a time and a half rate. Fifth Circuit law, as well as the law in other circuits, support the calculation of Plaintiff's overtime using a half-time rate. The Court correctly determined the amount due to Plaintiff, as set forth in the Judgment, by multiplying the number of overtime hours owed as determined by the jury by one-half of Plaintiff's stipulated regular rate of $28.89.

In the typical misclassification case, an employee in a particular position is treated as exempt and receives a salary, but does not receive overtime compensation regardless of the

number of hours worked.  If an employee is misclassified as exempt, the employer owes the employee back wages for unpaid overtime.  Federal appellate courts have taken two different approaches in calculating back overtime wages.  Under the most common approach, employed by the Fifth Circuit, as well as the First and Tenth Circuits, misclassified employees receive an additional half-time of their regular rate of pay for all overtime hours worked ("half-time multiplier") based on the principles outlined in the fluctuating workweek interpretive guideline, 29 C.F.R. § 778.114 ("FWW method").  Using the Fifth Circuit's approach, which is the method employed by the Fifth Circuit, Plaintiff's regular rate would typically be computed by dividing her actual hours worked each week as found by the jury into her fixed salary; however, in this case, the parties stipulated that Plaintiff's regular rate was $28.89.  *See Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1998); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356-57 (5th Cir. 1990); *Tolentino v. C&J Spec-Rent Serv. Inc.*, 2010 WL 2735719 (S.D. Tex. 2010) (D. App. 65:8-17).

Outside the Fifth Circuit, other courts, including the Seventh Circuit in *Urnikis-Negro v. American Family Property Services, et al.,* 616 F.3d 665 (7th Cir. 2010), *cert. denied*, 562 U.S. ____ (February 22, 2011, No. 10-745), and the Fourth Circuit in *Desmond v. PNGI Charles Town Gaming, LLC,* 630 F.3d 351 (4th Cir. 2011) have found the FWW method inapplicable to misclassification damages but, nonetheless, applied the half-time multiplier to calculate damages for a misclassified employee.  The *Urnikis-Negro* Court primarily based its decision on the Supreme Court's analysis in *Overnight Motor Transportation Co. v. Missel,* 316 U.S. 572 (1942) ("*Overnight Motor* method").  Under either method, the result is the same as the result reached by this Court as reflected in the Judgment.  (Doc. 109).

### 1.      **Fluctuating Workweek Method.**

The FWW method sanctions the use of the half-time multiplier to calculate overtime pay provided that the employee "receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay."  29 C.F.R. § 778.114(a).  Courts that have applied § 778.114 in misclassification cases, including the Fifth Circuit, have found that the contemporaneous payment of overtime compensation is not necessary and have found this element satisfied when the employer makes overtime payments on a retroactive basis.  *See Blackmon v. Brookshire Grocery Co.,* 835 F.2d 1135 (5th Cir. 1998); *see Perez, et al. v. Radioshack Corporation,* 2005 U.S. Dist. LEXIS 33420, at \*23-26 ("Nothing in the language of § 778.114 mandates that the fluctuating workweek method of calculations is precluded where the overtime payments are awarded retroactively as a remedy"); *see e.g., Valerio v. Putnam Assocs., Inc.,* 173 F.3d 35, 39-40 (1st Cir. 1999) (affirming the use of the fluctuating workweek method of calculating back overtime pay on a retroactive basis); *Tumulty v. FedEx Ground Package Sys., et al.*, No. 04-cv-1425, 2005 U.S. Dist. LEXIS 25997 (W.D. Wash., Aug. 16, 2005) (holding the contemporaneous payment of overtime is not required).

This reasoning is supported by the Department of Labor's own interpretation of § 778.114, which does not require such a contemporaneous payment of overtime.  *See* Department of Labor Opinion Letter FLSA 2009-3 (approving the retroactive application of the half-time method of calculating overtime for a misclassified employee; "because the fixed salary covered whatever hours the employees were called upon to work in a workweek; the employees will be paid an additional one-half their actual regular rate for each overtime hour worked, which at all times exceeds minimum wage; and the employees received and accepted the salary knowing that

it covered whatever hours they worked, it is our opinion that the employer's method of computing retroactive payment of overtime complies with the FLSA.").[1]

The final requirement of 29 C.F.R. § 778.114 is that "there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period…" Plaintiff argues that the Court should not apply the FWW method to Plaintiff's overtime calculation because there was no evidence of an explicit agreement or a "clear and mutual understanding" between Plaintiff and Defendant that Black would be paid under the FWW method. By definition, however, in a misclassification situation the employer enters the employment relationship with the understanding that no overtime compensation is due to an exempt employee and, thus, the employer will never have applied the rule to the employee prior to the suit being filed. Similarly, a pre-existing agreement to use the FWW method for overtime will not be present in a misclassification case when an employer believes that no overtime is due.

Courts applying the FWW method in misclassification cases have held that the requisite understanding is established when the <u>employer and employee agree that the employee will be paid a salary for all hours worked</u>. *See Clements v. Serco., Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008) ("our inquiry is whether the Employees and [the employer] had a clear and mutual understanding that they would be paid on a salary basis for all hours worked."); *Valerio v. Putnam Assocs.,* 173 F.3d 35, 40 (1st Cir. 1999) ("The parties <u>must only have reached a 'clear and mutual understanding' that while the employee's hours may vary, his or her base salary will not</u>."). Several courts have found this understanding to be an "implied term of one's

---

[1]  Although Department of Labor Opinion Letters are not binding on the Court, such letters constitute a body of experience and informed judgment, and should be given substantial weight. *Flood v. New Hanover County,* 125 F.3d 249, 253 (4th Cir. 1997).

employment agreement if it is clear from the employee's actions that he or she understood the payment plan…" *Mayhew v. Wells,* 125 F.3d 216, 219 (4th Cir. 1997) (explaining that the requisite agreement may be implied from the parties actions); *see also Clements,* 530 F.3d at 1231 ("the Employees understood they would not be docked when they worked fewer than forty hours and would not be paid more when they worked over forty hours.  This is sufficient to establish the Employees understood they would receive a fixed salary"); *Blackmon v. Brookshire Grocery Co.,* 835 F.2d 1135, 1138 (5th Cir. 1988) (using the fluctuating workweek method where the employees understood "they would be paid a fixed weekly salary, and would work whatever number of hours were required to get the job done").

In its 2009 Opinion Letter, the DOL explained that its guidelines "do not require that the 'clear and mutual understanding' extend to the method used to calculate the overtime pay…. Rather, 29 C.F.R. § 778.114 only requires that the employees have a 'clear and mutual understanding that they would be paid on a salary basis for all hours worked.'" (internal citations omitted).

Furthermore, the Department of Labor has also approved using a fifty percent (50%) multiplier to calculate unpaid overtime compensation in a mistaken exemption classification case.  *See* "Retroactive Payment of Overtime and the Fluctuating Workweek Method of Payment, Wage and Hour Opinion Letter," FLSA 2009-3 (D. App. 104-106).  According to the DOL Opinion Letter, FLSA 2009-3, the "clear and mutual understanding" fluctuating workweek criterion does *not* need to be set forth in writing, and intent can be inferred from the parties' conduct that the fixed salary was compensation for all hours actually worked by the employee in a given week rather than for a fixed number of hours per week.  In a misclassification case, an agreement between the employee and employer concerning the use of a one-half time rate for

overtime compensation owed based on a fluctuating workweek calculation method is not required. When an employer (or court) determines that a salaried exempt employee has been misclassified, by definition there is no prior agreement as to how overtime will be paid because an exempt employee usually receives only a fixed salary and no overtime pay was ever contemplated by the parties. At the same time, in this situation, as in the present case, the parties agreed that Black would be paid a fixed salary no matter how many, or few, hours she actually worked in a workweek.

Throughout Plaintiff's employment with SettlePou, she had a clear and mutual understanding that she would be paid on a fixed salary basis for all hours that she worked. The standard work week at SettlePou is thirty seven and a half (37 1/2) hours. (D. App. 33:24-25). Exempt employees such as Plaintiff are paid a salary for the performance of their jobs and are not eligible for overtime worked in excess of the standard workweek. (D. App. 34:6-12). Non-exempt employees at SettlePou are paid time and a half if they work overtime. (D. App. 35:7-15). Non-exempt employees must use vacation time for partial day absences or days in which they work less than a full day to make up their time. (D. App. 36:2-24, 42:6-25). If non-exempt employees are out of leave, they do not get paid for a full week if they work less than a full week. (D. App. 37:4-8, 45:11-14).

Paralegals classified as exempt, including Plaintiff, were not required to record their time as was required of non-exempt legal secretaries and other staff members. (D. App. 38:17-39:5). Ms. Vasquez, the only exempt paralegal other than Plaintiff who was called as a witness, testified that, as an exempt paralegal, she received the same amount of pay in each paycheck, regardless of the number of hours she worked. (D. App. 40:5-16).[2]

_____

[2] Eric Weber testified that he did not know if he was classified as exempt or non-exempt. (D. App. 41:15-20). Glenda Davis and Michelle Shed testified that they were classified as non-exempt employees. (D. App. 42:6-25; 44:21-24).

When Plaintiff became an exempt paralegal, she received a pay increase and was paid the same amount of salary week-to-week. (D. App. 46:16-47:1). After Plaintiff became an exempt paralegal, her hours fluctuated significantly and routinely on a weekly basis. (D. App. 1-4, 47:2-9). Plaintiff, however, earned the same base salary regardless of how many hours she worked. (D. App. 1-28, 47:10-13). As an exempt employee, Black's pay was never docked for full or partial day absences, even when she worked less than a 37.5 hour work week. (D. App. 5-28, 48:22-49:10). The weekly time records assembled by Plaintiff herself reflect that there were some weeks when Plaintiff worked less than 37.5 hours. (D. App. 54:11-56:21; 57:20-61:5). Plaintiff was never disciplined for absenteeism or for working less than a 37.5 hour work week. (D. App. 50:2-12). Plaintiff herself acknowledges that there were ebbs and flows with the amount of time she worked. (D. App. 51:2-7). Plaintiff also acknowledges that, as an exempt employee, she was not required to keep track of her hours at work. (D. App. 52:7-53:3). Furthermore, Plaintiff was informed every year about the amount of her annual salary for the coming year. (D. App. 29-31, 62:12-63:13). Plaintiff's payroll registry establishes that she received the same amount of pay each pay period (taking annual raises into account), regardless of the number of hours she worked. (D. App. 5-28, 63:14-24).

### 2. *Overnight Motor* Method of Calculating Back Overtime Pay in Misclassification Cases.

Although the Fifth Circuit relies on the FWW method in using a half multiplier when calculating overtime in a misclassification case, other circuits have reached the same result through a different analysis. In August 2010, the Seventh Circuit addressed the issue of how to calculate back overtime pay in a misclassification case and held that the half-time multiplier should be used, although the Court rejected the application of § 778.114 in misclassification cases. *See Urnikis-Negro,* 616 F.3d 665 (7th Cir. 2010), *cert. denied*, 562 U.S. _____ (February

22, 2011, No. 10-745).   In contrast to the other courts, including the Fifth Circuit, that have addressed this issue and have employed the FWW method, the Seventh Circuit based its decision on long-standing Supreme Court precedent underlying the proper method for calculating an employee's regular rate of pay and for calculating overtime for a salaried employee.

In the *Urnikis-Negro* case, the district court ruled that the plaintiff had been misclassified as exempt.  *See Urnikis-Negro v. American Family Property Services,* 2008 U.S. Dist. LEXIS 102034 (N.D. Ill., July 21, 2008).  The plaintiff received a salary of $1,000.00 per week which, according to the district court, the plaintiff understood was intended to compensate her for all hours worked in any workweek.  The district court held that the requirements of 29 C.F.R. § 778.114 were satisfied and used the half-time multiplier to calculate the plaintiff's unpaid overtime compensation.  The plaintiff appealed, arguing that the district court erred in applying 29 C.F.R. § 778.114 in a misclassification case.

The Seventh Circuit affirmed the district court's holding, but rejected its reasoning and reliance on § 778.114 for calculating a misclassified employee's damages.  *Urnikis-Negro,* 616 F.3d at 677-79.  First, the Seventh Circuit explained, § 778.114 is "forward looking" in that it describes a way an employer may compensate an employee for variable hours with a fixed wage. *Id.* at 677.  Second, the guideline requires a "clear mutual understanding" between employer and employee that the fixed wage will constitute the employee's regular or straight-time pay for any and all hours worked in a given week *and* the separate payment of an overtime premium for any hours in excess of forty that are worked in that week.  *Id.* at 678. Where an employee was wrongly classified as exempt, there can be no "clear mutual understanding" that overtime premiums would be received because the employee receives no contemporaneous overtime premium payment.  *Id.* at 678-79.  Finally, the Seventh Circuit explained, § 778.114 is not a

remedial measure—it describes how an employer may comply with the FLSA in the first instance, but says nothing about how a court is to calculate damages. *Id.* at 679.

Rejecting the application of the FWW method in a misclassification case, the court in *Urnikis-Negro* turned instead to the principles outlined in Supreme Court precedent, which led the Seventh Circuit to the same result. Following this approach, the first step in determining back overtime compensation due is to calculate the employee's regular rate of pay. *See Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945) ("The keystone of § 7(a) is the regular rate of compensation"). "An employee's regular rate of pay is the amount of compensation he receives per hour." *Urnikis-Negro,* 616 F.3d at 681 (citing *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942). For a salaried employee, such as a misclassified employee, the regular rate of pay is determined by dividing the weekly salary "by the number of hours which the salary is *intended* to compensate." 29 C.F.R. § 778.114 (emphasis added). Thus, it is important to determine the nature of the parties' agreement about the number of hours the employee's salary was intended to compensate for. *See Urnikis Negro,* 616 F.3d at 681 (explaining that "[t]he employee's regular rate of pay is a factual matter"). Once the employee's regular rate of pay is determined, "[t]he employee is then entitled to an overtime premium of one-half of that rate." *Id.* at *680-82 (discussing that it is *Overnight Motor* that controls these calculations).

Thus, according to the Seventh Circuit, where the employer and employee have agreed that the employee's salary is intended to compensate the employee for all hours worked in each workweek, a misclassified employee's unpaid overtime wages are calculated using the following formula:

- Divide the employee's weekly salary by the employee's hours worked in each workweek to determine the regular hourly rate;

- Multiply the resulting regular rate by one-half;

- Multiply the half-time rate by the number of overtime hours worked in each workweek.

The Seventh Circuit is not the only Court to find the half-time multiplier to be appropriate in misclassification cases independent from § 778.114. *See e.g., Desmond v. PNGI Charles Town Gaming, LLC,* 630 F.3d 351 (4th Cir. 2011) (finding a misclassified employee is only entitled to an additional half-time compensation for any overtime worked; explaining its decision "is based upon the logic of *Overnight Motor* as well as the general tenets of the calculation of compensatory damages"); *Torres v. Bacardi Global Brands Promotions, Inc.,* 482 F. Supp.2d 1379, 1382 (S.D. Fl. 2007) (finding misclassified employee is only entitled to an additional half-time compensation for overtime worked because the misclassified employee, by receiving his salary each week, "has already received his regular rate for all hours worked" and, therefore, "he is entitled to half-time for those hours worked in excess of forty per week.").

Contrary to Plaintiff's arguments regarding *Overnight Motor* and *Belo*, as well as Plaintiff's public policy argument, the law requires that Plaintiff's damages be calculated at a half-time rate. As the *Urnikis-Negro* court stated,

> The Supreme Court in *Missel* was well aware of the ways in which the FWW method of calculating straight-time pay and overtime pay reduced the amounts owed to the employee for hours worked in excess of the standard workweek. It adopted that method nonetheless. 316 U.S. at 580, 62 S.Ct. at 1221. Second, even if the 50-percent overtime premium that Urnikis-Negro achieves by way of a lawsuit is no more than the defendants would (and should) have paid her in the first instance in complying with section 778.114(a), that is not the sole relief to which she is entitled. The district court awarded her liquidated damages equal in amount to the award of the overtime premium based on the finding that the defendants' violation of the FLSA was willful, and it also awarded Urnikis-Negro her attorney's fees and costs. So the defendants are in some real sense suffering the consequences of not complying with their legal obligations in the first

instance.  Finally, the pattern of working excess hours appears also to have been present in *Missel,* where the plaintiff worked an average workweek of 65 hours (more than 20 hours over the applicable maximum), 316 U.S. at 574, 62 S.Ct. at 1218, and yet the Court had no hesitation in embracing the FWW method of calculating his regular hourly rate of pay.  It was enough, in the Court's view, that Missel's hours varied, despite the evident possibility that they fluctuated only *above* the statutory maximum rather than below it.  More to the point, we found it proper to apply section 778.114 in *Condo v. Sysco Corp.* despite our acknowledgment that the plaintiff never worked less than 40 hours per week.  1 F.3d at 602-03.  *See also* § 778.114(b) (setting forth example in which employee's hours in each of four workweeks meet or exceed 40).

It is not within our province to pass on the merits of these competing arguments.  Our job is to apply the statute as Congress has written it and as the Supreme Court and the Department of Labor have interpreted it.  Any argument to the effect that the fluctuating workweek method of calculating one's regular rate of pay and overtime premium is insufficiently compensatory to the plaintiff and insufficiently deterring to the employer that is inclined to neglect its obligations under the FLSA in an argument better addressed to Congress and the Secretary of Labor.

*Urnikis-Negro*, 616 F.3d at 684.

## III.    CONCLUSION

The weight of authority, including the Fifth Circuit's use of the FWW method in *Blackmon*, and the Seventh and Fourth Circuits' use of the *Overnight Motor* method found in *Urnikis-Negro* and *Desmond*, support the Court's use of a half-time rate in calculating Black's overtime in this misclassification case.  Whether under the FWW method or *Overnight Motor* method, the proper approach to determining damages in cases such as this one is to multiply all overtime hours worked by one-half the regular rate of pay.

For the above and foregoing reasons, Defendant SettlePou respectfully requests that this Court deny Plaintiff's Motion to Alter or Amend the Judgment.

DATED this  21st  day of February, 2012.

                                           Respectfully submitted,


*/s/ Emily M. Stout*
**KEITH A. CLOUSE**
State Bar No. 04410300
**EMILY M. STOUT**
State Bar No. 24013581

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas  75270-2142
Telephone:  (214) 220-3888
Facsimile:   (214) 220-3833

**COUNSEL FOR DEFENDANT**
**SETTLEPOU, P.C.**


## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document and related attachments was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system on the following counsel of record on this the 21st day of February, 2012.

Joseph H. Gillespie, Esq.
James D. Sanford, Esq.
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas  75204
***Counsel for Plaintiff Betty Black***

                                      */s/ Emily M. Stout*
                                      EMILY M. STOUT