IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY BLACK, on behalf of herself and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1418-K |
| SETTLEPOU, P.C., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 110),

Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees and Costs (Doc. No. 118), and

Defendant's Motion to Set Aside Clerk's Taxation of Costs (Doc. No. 129).   In July of

2010, Plaintiffs brought claims against Defendants for unpaid overtime and retaliation

pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*   On

November 7, 2011, the Court called this case for trial.  On November 10, 2011, the jury

returned a unanimous verdict in favor of Betty Black as to her unpaid overtime claims.

The parties Amended Joint Pretrial Order requested that Betty Black's request for

attorneys' fees be addressed after trial.  Judgment was entered in this case on January 20,

2012, awarding $3,957.93 in actual damages, an equal amount as liquidated damages,

and post-judgment interest to Plaintiff Betty Black.

The court has reviewed Plaintiff's Motion to Alter or Amend Judgment (Doc. No.

110), Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees and Costs (Doc. No. 118),

Defendant's Motion to Set Aside Clerk's Taxation of Costs (Doc. No. 129), all related

responses and replies, evidence submitted by the parties, and applicable law.  Having

done so, the Court has determined that Plaintiff's Motion to Alter or Amend Judgment

(Doc. No. 110) is **DENIED**.  Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees

and Costs (Doc. No. 118) is **GRANTED in part** and **DENIED in part**, and Defendant's

Motion to Set Aside Clerk's Taxation of Costs (Doc. No. 129) is **DENIED**.

## I.      Plaintiff's Motion to Alter or Amend Judgment

In Betty Black's Motion to Alter or Amend Judgment (Doc. No. 110), she

contends that the proper method of calculating Betty Black's unpaid overtime

compensation is at a one-and-one-half-times rate and that the judgment should be

amended accordingly.  The Court disagrees.  Betty Black's Motion to Alter or Amend

Judgment (Doc. No. 110) is **DENIED**.

## II.     Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees and Costs

### A.      Findings of Facts

In July of 2010, Plaintiffs brought claims against Defendant for unpaid overtime

and retaliation pursuant to the FLSA.  On November 7, 2011, the Court called this case

for trial.  However, about two weeks prior to trial, SettlePou, P.C. admitted to

misclassifying Betty Black as an exempt paralegal for purposes of the FLSA.  The jury

returned a unanimous verdict on November 10, 2011, in favor of Betty Black as to her

unpaid overtime claim.  Betty Black did not prevail on her claim for retaliation.  The jury found that Defendant SettlePou, P.C. willfully violated the Fair Labor Standards Act in failing to pay Betty Black overtime pay required by law and that Betty Black was entitled to overtime pay for 274 hours.  Based on an hourly wage stipulated by the parties, the Court entered judgment in this case on January 20, 2012, awarding $3,957.93 in actual damages, an equal amount as liquidated damages, and post-judgment interest to Plaintiff Betty Black.  This damage award was based on a half-time calculation rather than a one-and-a-half time calculation, an issue heavily contested by the parties.  On February 3, 2012, Betty Black filed a motion for attorneys' fees and costs seeking $232,400.81 in attorneys' fees and costs in the amount of $6,996.33.

B.      Legal Standard for Attorneys' Fee Awards

The Fifth Circuit follows the lodestar method for determining the reasonableness of attorneys' fees.  *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). The court's first step is to determine the compensable hours listed in the attorneys' time records.  *Shipes v. Trinity Indus.,* 987 F.2d 311, 319 (5th Cir. 1993).  To facilitate this determination, the fee request submitted to the court should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998). Time charged for work that is "excessive, duplicative, or inadequately documented" should be excluded.  *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). In dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the

number of hours claimed as a practical means of trimming fat from a fee application. *Kirsch,* 148 F.3d at 173.

The party seeking a fee award is charged with the burden of showing the reasonableness of the hours billed. *Saizan v. Delta Concrete Prods. Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006) (*citing Walker v. City of Mesquite,* 313 F.3d 246, 251 (5th Cir. 2002)). That party must also show that billing judgment was exercised. *Id.* "Billing judgment requires documentation of the hours charged and the hours written off as unproductive, excessive, or redundant." *Id.* If evidence of billing judgment is not submitted, a fee award should be reduced accordingly by a percentage intended to substitute for the exercise of billing judgment. *Id.; Walker v. U.S. Dep't of Housing & Urban Dev.,* 99 F.3d 761, 770 (5th Cir. 1996). Generally, as part of its reasonableness-and-necessity burden, the prevailing party must show that it incurred the subject fees while suing the losing party "on a claim which allows recovery of such fees." *Rappaport v. State Farm Lloyds,* No. 00-10745, 2001 WL 1467357, at *3 (5th Cir. Oct. 6, 2001) (citing *Stewart Title Guaranty Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex. 1991)). The fee applicant thus must distinguish successful from unsuccessful claims, carve out the fees incurred to prosecute the successful claims, and limit its application to those fees only. *Rappaport,* 2001 WL 1467357, at *3; *see also United States v. Reid & Gary Strickland Co.,* 161 F.3d 915, 919 (5th Cir. 1998) (party requesting attorneys' fees carries the burden of proof and the duty to segregate fees).

Once the compensable time is determined, the court's second step is to select "an

appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes v. Trinity Indus.,* 987 F.2d 311, 319 (5th Cir. 1993). Again, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir.1996). The appropriate hourly rate is generally established through affidavits of other attorneys practicing in the community. *Tollett v. City of Kemah,* 285 F.3d 357, 368-69 (5th Cir. 2002). In addition, the trial court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile County,* 526 F.2d 865, 868 (5th Cir. 1976).

After determining the number of compensable hours and the appropriate hourly rate, the court multiplies one by the other to produce the "lodestar" amount. *Shipes,* 987 F.2d at 319. The court may then increase or decrease the lodestar based on the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). However, the most critical factor in determining an attorney's fee award is the degree of success achieved. *Saizan v. Delta Concrete Prods. Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006). However, the fee award need not be precisely proportionate to the result obtained. *Id.* at 802-03 & n.42. "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Int'l., Inc.,* 547 F.Supp.2d 1281, 1286 (S.D.Fla. 2008).

The FLSA case law shows that the degree of success bears significantly on the reasonableness of the attorneys' fees sought, and a substantial reduction is appropriate

where the actual recovery is only a small fraction of the damages sought. *Hilton v. Exec. Self Storage Assocs., Inc.,* No. H-06-2744, 2009 WL 1750121, at *14 (S.D. Tex. June 18, 2009). Attorneys' fee awards are frequently reduced where plaintiffs recover only a small fraction of the damages initially sought. *See, e.g., Saizan,* 448 F.3d at 801 (attorneys' fees reduced to reflect the difference between the initial prayer and the ultimate settlement amount); *Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132, 151-52 (2d Cir. 2008) (lodestar reduced by 50% where plaintiff recovered only a small fraction of the damages initially sought); *Spegeon v. Catholic Bishop of Chicago,* 175 F.3d 544, 558 (7th Cir.1999) (reducing lodestar by 50% where plaintiff recovered only $1,100 on a $25,000 prayer for relief).

Briefly, the *Johnson* factors are: 1) the time and labor involved; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal services properly; 4) the preclusion of other employment by the attorney due to the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of counsel; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). However, it is important to note that a court may only adjust the lodestar up or down based on relevant *Johnson* factors not already included in the lodestar. *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir. 1993). Put simply, after calculating the lodestar amount, the district court must then apply the remaining

*Johnson* factors to determine if the lodestar should be adjusted. *Id*. The court must be careful not to double count a Johnson factor already considered in calculating the lodestar. *Id*.

C.   Analysis

Betty Black requests $232,400.81 in attorneys' fees to compensate her attorneys for the work they did related to Plaintiff's claims. This amount was arrived at by multiplying 573.10 hours, including 233.19 hours for Mr. Joseph Gillespie and 339.91 for Mr. Jim Sanford, by hourly rates of $450 per hour for Mr. Gillespie and $375 per hour for Mr. Sanford. SettlePou, P.C. contends that the number of hours expended was excessive. Additionally, SettlePou, P.C. contests the reasonableness of Betty Black's counsels' hourly rates and contends that hourly rates of $300 for Mr. Gillespie and $225 for Mr. Sanford are more appropriate.

Betty Black's motion discusses in detail how counsel ultimately arrived at the submission of 573.10 hours. The Declaration of Joseph H. Gillespie explains that counsel for Betty Black voluntarily reduced hours that were repetitive, unproductive, already compensated for by the Vasquez judgment, billed as paralegal time, or related strictly to Betty Black's retaliation claim. Then, counsel for Betty Black reduced the remaining hours by 25% to discount for their failure to recover on Betty Black's retaliation claim. These reductions, and others, reduced compensable hours from 839.36 to 573.10.

While counsel for Betty Black demonstrated some billing judgment in their reduction of hours, they did not adequately take into account the lack of success

regarding Betty Black's retaliation claim.  However, the Court will fully address Betty Black's results obtained in its analysis of the *Johnson* factors.  For purposes of the lodestar, the Court does not agree with SettlePou, P.C. that the number of hours billed was excessive.  The Court finds that 573.10 compensable hours is reasonable and supported by the evidence offered by Betty Black.

Although Defendant SettlePou, P.C. contests the reasonableness of Betty Black's counsels' hourly rates, the Court has determined that hourly rates of $450 per hour for Mr. Gillespie and $375 per hour for Mr. Sanford are consistent with the hourly wages of similarly situated attorneys in the Dallas area.  Therefore, the proper lodestar for consideration in this case is the lodestar offered by Betty Black, $232,400.81.  Again, this amount is arrived at by multiplying 573.10 hours, including 233.19 hours for Mr. Joseph Gillespie and 339.91 for Mr. Jim Sanford, by hourly rates of $450 per hour for Mr. Gillespie and $375 per hour for Mr. Sanford.

Next, the court must determine whether any of the *Johnson* factors must be applied to enhance or reduce the lodestar.  488 F.2d at 717-19.  In arriving at the proper lodestar, the Court has already considered the time and labor involved, the skill required to perform the legal services properly, the experience, and reputation and ability of counsel.  The Court must first address the factor that Betty Black's counsel did not adequately address within the determination of the lodestar–the amount involved and the results obtained.  No one can deny that the greatest potential for damages in this case was based on Betty Black's retaliation claim.  Betty Black sought around $97,000 in back pay for

her retaliation claim and an unspecified amount for pain and suffering. Instead, Betty Black only won her unpaid overtime claim and was awarded about $8,000. Approximately $8,000 in awarded damages in light of the, at least, $97,000 in damages Betty Black requested as damages for retaliation warrants significant consideration. While Betty Black's attorneys provided excellent legal services to their client, they lost on the biggest part of their case. That fact is insufficiently reflected by a 25% reduction in compensable hours within the lodestar. Consequently, the Court finds it appropriate to significantly reduce the lodestar based on the fact that Betty Black failed in the key question of the case, retaliation.

Several other *Johnson* factors warrant consideration. First, about two weeks prior to trial, SettlePou, P.C. admitted to misclassifying Betty Black as an exempt paralegal for purposes of the FLSA. This admission by the Defendant was a victory for Betty Black and should be reflected by an upward adjustment in the award of attorneys' fees. Second, the proper method of calculating overtime wages was heavily contested by the parties. The presence of this novel issue is taken into consideration by the *Johnson* factors, was not adequately reflected within the lodestar determined by counsel for Betty Black, and should be reflected by an upward adjustment in the award of attorneys' fees. Finally, a further factor the Court considered that weighs against reduction is that SettlePou, P.C. had previously been a source of referrals for Betty Black's attorneys' law firm. No other *Johnson* factors warrant additional adjustments of the lodestar.

Based upon the foregoing, the court will award Betty Black attorneys' fees in the

amount of $45,000.00.  This number is appropriate considering Betty Black recovered about $8,000 in damages instead of the, at least, $97,000 in damages she requested, meaning Betty Black was awarded, at most, 8% of what she sought.  However, after consideration of other *Johnson* factors, the Court has only reduced the lodestar by approximately 80%. $45,000 is a proper award of attorneys' fees in light of the lodestar calculation and *Johnson* factors.

D.     Conclusions of Law

The proper lodestar for consideration in this case is the lodestar offered by Betty Black, $232,400.81.  This amount is arrived at by multiplying 573.10 hours, including 233.19 hours for Mr. Joseph Gillespie and 339.91 for Mr. Jim Sanford, by hourly rates of $450 per hour for Mr. Gillespie and $375 per hour for Mr. Sanford.  However, after consideration of the *Johnson* factors not contemplated within the lodestar, the Court hereby **AWARDS** $45,000 in attorneys' fees.

E.     Costs

Based on a settlement offer made prior to trial, SettlePou, P.C. contends that Betty Black is only entitled to costs for her filing fee.  The Court disagrees with SettlePou, P.C.'s arguments related to any Rule 68 offer of judgment.  Betty Black is entitled to costs.  The amount she is due is the only remaining issue.

The clerk has already taxed costs in this case, and the Court's review of the clerk's determination of taxable costs is de novo.  Besides contending that Betty Black is not entitled to costs altogether, SettlePou, P.C. does not assert that costs for deposition fees

or trial transcripts are disallowed.  With the filing fee conceded, copying charges are the only taxable costs in dispute.  SettlePou, P.C. asserts that Betty Black has not demonstrated that the copying costs were necessarily obtained for use in the case.  While some demonstration that reproduction costs necessarily resulted from the case is required, a prevailing party is not expected to identify every xerox copy made for use in the course of legal proceedings.  *Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir. 1991).  The Court has determined that Betty Black has demonstrated that copying costs resulted from copies made for the client on correspondence, pleadings, and discovery, and that excessive copying costs were avoided.  Betty Black is entitled to these copying costs.  The Court will not retax the $6070.17 in costs taxed by the clerk.

Thus, only non-taxable costs remain.  Betty Black seeks an additional $915.16 in non-taxable costs.  The Court has discussed at length that Betty Black's lack of success as to her retaliation claim resulted in a nominal recovery in light of the damages she sought.  The Court does not find that costs beyond the taxable costs of $6.070.17 are warranted, nor are they reasonable in light of the results in this case.  The Court **DENIES** Betty Black's request for reasonable and necessary expenses of $915.16.

III.   **Defendant's Motion to Set Aside Clerk's Taxation of Costs**

Defendant's Motion to Set Aside Clerk's Taxation of Costs asks the Court to set aside the taxation of costs made by the Clerk until the court has had an opportunity to review briefing by both parties related to Betty Black's motion for attorneys' fees and costs.  As the Court has reviewed this briefing and, by this order, has ruled on the issues

-11-

presented, Defendant's Motion to Set Aside Clerk's Taxation of Costs (Doc. No. 129) is

**DENIED**.

IV.     **Conclusion**

Based upon the foregoing, Betty Black is Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 110) is **DENIED**.  Plaintiff's Federal Rule 54(d) Motion for Attorney's Fees and Costs (Doc. No. 118) is **GRANTED in part** and **DENIED in part**, and Betty Black is hereby **AWARDED** $45,000 in attorneys' fees and no additional costs above the $6.070.17 already taxed.  Defendant's Motion to Set Aside Clerk's Taxation of Costs (Doc. No. 129) is **DENIED as moot**.

SO ORDERED.

Signed August 24th, 2012.

_Ed Kinkeade_
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE